NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4412
_____

STEVEN McGEE,
                              Appellant

v.

WARDEN JERRY MARTINEZ
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:08-cv-01663)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 3, 2012

Before: SCIRICA, JORDAN and GREENBERG, Circuit Judges

(Filed: December 10, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM.

Steven McGee, a federal prisoner proceeding pro se, appeals from the order of the

United States District Court for the Middle District of Pennsylvania granting in part and

denying in part his habeas corpus petition filed pursuant to 28 U.S.C. § 2241.  For the

reasons that follow, we will affirm.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly here. This case was last before us in December 2010. At that time, we remanded the matter to the District Court for consideration of the merits of McGee's habeas petition. See McGee v. Martinez, 627 F.3d 933, 937 (3d Cir. 2010). A few weeks later, the Bureau of Prisons ("BOP") transferred McGee from the Allenwood Federal Correctional Complex in White Deer, Pennsylvania, to the Federal Detention Center in Miami, Florida ("FDC-Miami"). McGee took the position that the transfer divested the District Court of jurisdiction over his petition. In November 2011, the District Court rejected that argument and issued an order granting in part and denying in part McGee's petition. This appeal followed.

II.

In this appeal, McGee reiterates his claim that the District Court lost jurisdiction over his habeas petition when he was transferred to FDC-Miami. For substantially the reasons provided by the District Court, we agree that the transfer did not divest that court (or us) of jurisdiction over his petition. See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004); Ex parte Endo, 323 U.S. 283, 306-07 (1944); Barden v. Keohane, 921 F.2d 476, 477 n.1 (3d Cir. 1990).

To the extent McGee argues that the District Court overlooked a motion he had filed seeking declaratory relief, we conclude that remand is not necessary. The underlying claim in that motion was an access to the courts claim. Specifically, McGee

2

alleged that, in light of copy restrictions imposed after he refused to agree to the BOP's schedule for paying the fine imposed at sentencing, he was prevented from supplementing an already voluminous submission in an action brought pursuant to 28 U.S.C. § 2255.  We assume, without deciding, that this claim is cognizable here.  See McGee, 627 F.3d at 936-37.  However, the District Court did not err in declining to grant declaratory relief in favor of McGee because he did not show that this claim has merit.  See Monroe v. Beard, 536 F.3d 198, 205-06 (3d Cir. 2008) (per curiam) ("Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an actual injury — that they lost a chance to pursue a nonfrivolous or arguable underlying claim; and (2) that they have no other remedy that may be awarded as recompense for the lost claim other than in the present denial of access suit.") (internal quotation marks and citation omitted).

In light of the above, we will affirm the District Court's judgment.  To the extent McGee seeks an order directing the BOP to transfer him to a "minimum security facility," that request is denied.[1]

---

[1] We note, without deciding, that McGee's request for a transfer may now be moot.  In a habeas proceeding brought before the United States District Court for the Southern District of Miami, he recently told that court that he has been transferred to home confinement.

3